UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

          Plaintiff,

vs.

Eight Hundred Seventy-Six Thousand, Nine Hundred Twenty-Three Dollars and Ninety-Seven Cents ($876,923.97) in Funds from Bank Account No. XXXXXXXXX2080 in the Name of Montano USA Trades Inc., at Truist Bank, East Lansing, Michigan,

          Defendant *in rem*.

Case No.
Honorable:
Mag. Judge:

---

**Complaint for Forfeiture**

---

Plaintiff, the United States of America, by and through Dawn N. Ison, United States Attorney for the Eastern District of Michigan, and K. Craig Welkener, Assistant United States Attorney, states the following in support of this Complaint for Forfeiture:

### Jurisdiction and Venue

1. This is an *in rem* civil forfeiture action under 18 U.S.C. § 981 (a)(1)(C) related to a violation or violations of 18 U.S.C. § 1343.

2.     This Court has original jurisdiction over this forfeiture action under 28 U.S.C. § 1345 because this action is being commenced by the United States of America as Plaintiff.

3.     This Court has jurisdiction over this forfeiture action under 28 U.S.C. § 1355(b)(1)(A) and (B) because acts giving rise to the forfeiture occurred in the Eastern District of Michigan and because the property was seized in this district.

4.     Venue is proper before this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in the Eastern District of Michigan.

5.     Venue is also proper before this Court under 28 U.S.C. § 1395(b) because the Defendant *in rem* was seized in the Eastern District of Michigan.

### Defendant in rem

6.     The Defendant *in rem* consists of Eight Hundred Seventy Six Thousand Nine Hundred Twenty Three Dollars and Ninety Seven Cents ($876,923.97) in Funds from Bank Account No. XXXXXXXXX2080 in the Name of Montano USA Trades Inc., at Truist Bank, East Lansing, Michigan.

7.     Members of the Federal Bureau of Investigation ("FBI") seized the Defendant *in rem* on October 28, 2022.

8.     The Defendant *in rem* is currently in the custody of the United States Marshal's Service ("USMS") for the Eastern District of Michigan.

## Underlying Criminal Statute

9. 18 U.S.C. §1343 criminalizes schemes or artifices to defraud, or obtaining money or property by means of false or fraudulent pretenses, representations, or promises, when for the purpose of executing the scheme, the person transmits, or causes to be transmitted, any writings, signs, signals, pictures, or sounds by means of wire communication in interstate commerce.

## Statutory Basis for Civil Forfeiture

10. Title 18 U.S.C. § 981(a)(1)(C) authorizes the civil forfeiture of the following:

> any property real or personal which constitutes or is derived from proceeds that are traceable to any offense constituting "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such an offense, shall be subject to forfeiture to the United States. Wire Fraud (18 U.S.C. § 1343) is a "specified unlawful activity."

## Factual Basis in Support of Forfeiture

11. The Defendant *in rem* was the proceeds of a knowing violation or violations of 18 U.S.C. § 1343 and is therefore subject to federal forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C). Evidence supporting forfeiture includes, but is not limited to, the following:

   a. On or about September 16, 2022, FBI agents interviewed an individual ("Employee 1"), exercising significant financial authority with Dominion Technologies Group, Inc., ("Dominion Group"). Dominion

3

Group is an umbrella company, which operates two subsidiaries (1) DTG Automated Systems, LLC, located in Roseville, Michigan, and (2) DTG Automated Systems (Bejing) Co., LTD.

b. During the interview, Employee 1 provided FBI agents with information relating to an unknown person or persons that created a false email address and impersonated Employee 1 in subsequent email communications with an employee of the Dominion Technology Group's Chinese/Bejing subsidiary company ("Employee 2").

c. The person or persons purporting to be Employee 1 falsely persuaded Employee 2 that the company (Dominion Group) had changed bank accounts. The Employee 1 imposter provided Employee 2 with a bank account with Truist Bank. Upon review, the subject Truist Bank Account had no association with DTG Automated Systems, and it appears to have been created for the sole purpose of receiving proceeds of a wire fraud scheme.

d. Further, the person or persons purporting to be Employee 1 persuaded Employee 2 to complete a wire transfer of a DTG company dividend to the false Truist Bank account. The wire transfer occurred on August 30, 2022. In addition to the dividend transfer, two similar

fraudulent wire transfers occurred totaling $109,855.03 to a Wells Fargo account.

  e. During this investigation, FBI agents have examined a chain of email communications revealing that the person or person(s) purporting to be Employee 1 engaged in a scheme or artifice to defraud Employee 2 and the Chinese /Bejing subsidiary company of Dominion Group. The Employee 1 imposter used a tone of urgency in the email communication and pressured Employee 2 for immediate action. Through training and experience, agents are aware that perpetrators of this type of fraud scheme use this technique to pressure victims into acting without thinking or verifying the legitimacy of a requested transaction.

  f. The unknown person posing as Employee 1 switched the beneficiary account information, and persuaded Employee 2 to send a wire transfer to the false financial account that was created for the wire fraud scheme.

  g. The wire fraud scheme was successful and the international wire transfer was sent to the fraudster's Truist Bank Account in the amount of $876,923.97. These funds were sent as part of the scheme and were involved in a knowing violation of wire fraud.

5

    h.  The Defendant *in rem* was seized by the FBI. The subject funds were illicitly obtained from victims of the business email compromise scheme and were involved in a scheme to defraud or obtain money by means of false or fraudulent pretenses, representations, or promises, using the means of wire communication in interstate or foreign commerce.

## **Claim for Relief**

  12. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 11.

  13. The Defendant *in rem* is forfeitable to the United States of America under 18 U.S.C. § 981(a)(1)(C) because they were involved in a knowing violation or violations of 18 U.S.C. § 1343.

## **Conclusion and Relief**

  Plaintiff respectfully requests that this Court issue a warrant for arrest of the Defendant *in rem*; that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; that judgment be entered declaring the Defendant *in rem* condemned and forfeited to the United States for disposition according to law; and, that the United States be granted such further relief as this Court may deem just and proper, together with costs and disbursements of this action.

                  Respectfully submitted,

        Dawn N. Ison
        United States Attorney

        */s/K. Craig Welkener*
        K. Craig Welkener
        Assistant U.S. Attorney
        211 W. Fort Street, Ste. 2001
        Detroit, Michigan 48226
        (313) 226- 0248
        Kenton.welkener@usdoj.gov
        DC Bar No. 1033585

Dated: March 27, 2023

## **VERIFICATION**

I, Michelle A. Harmon, state that I am a Special Agent with the United States Federal Bureau of Investigation. I have read the foregoing Complaint for Forfeiture and declare under penalty of perjury that the facts contained therein are true and correct based upon knowledge possessed by me and/or upon information received from other law enforcement agents.

_____
Michelle A. Harmon, FBI SA

Dated: March 28, 2023